DOCKET NO. 170

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE MOLINARO/CATANZARO PATENT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 11 1975

PATRICIA D. HOWARD
CLERK OF THE PANEL

ORDER

Plaintiff Catanzaro has requested that the Panel clarify its order, dated July 26, 1974, transferring the actions in this litigation to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Molinaro/Catanzaro Patent Litigation, 380 F. Supp. 794 (J.P.M.L. 1974). Specifically, he seeks clarification of the scope of the issues encompassed in the transferred litigation.

In the initial order in this litigation the Panel transferred all actions listed on the Schedule A attached to the order in their entirety. The Panel did not, however, by its order of transfer intend to dictate in any way the manner in which the coordinated or consolidated pretrial proceedings were to be conducted by the transferee judge. The scope of the coordinated or consolidated pretrial proceedings and the extent to which discovery is permitted are matters exclusively within the control of the transferee judge. See, e.g., In re Plumbing Fixture Cases, 298 F. Supp. 484, 489 (J.P.M.L. 1968). Accordingly, any grievances which plaintiff Catanzaro has with respect to the conduct of such proceedings are properly addressed to the transferee judge and not to the Panel.

FOR THE PANEL:

Alfred P. Murrah

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MOLINARO/CATANZARO ) DOCKET NO. 170
PATENT LITIGATION )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*,
ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

I. BACKGROUND

The matter now before the Panel involves three actions in three districts: one each in the Middle District of Pennsylvania, the Eastern District of New York and the Southern District of New York.

A. Prior Panel Rulings

The Panel issued its first opinion in this docket in July, 1974. In re Molinaro/Catanzaro Patent Litigation, 380 F. Supp. 794 (J.P.M.L. 1974). At that time the Panel centralized, pursuant to 28 U.S.C. §1407, nine actions in the Southern District of New York before the Honorable Charles M. Metzner. Each of these actions involved a patent on

---

* Judges Weinfeld, Robson and Caffrey did not participate in the decision of this matter.

a "station-sampling radio"[1]/ and was brought, pro se, by Edward T. Molinaro (Molinaro) and Anthony P. Catanzaro (Catanzaro). These individuals were, respectively, the original patentee and the assignee of a fifty percent interest in the patent at issue. Defendants in these actions were manufacturers and/or retailers of radio equipment whose products allegedly infringed upon Molinaro and Catanzaro's patent rights.

In ordering transfer under Section 1407, the Panel held:

> Although the question of whether... a particular defendant's product infringes plaintiffs' patent may not involve questions of fact common to the other infringement actions, the key issue in each of these actions is whether plaintiffs' patent can withstand defendants' charges of invalidity. And that issue raises complex questions of fact common to each action and defendants will necessarily pursue similar, if not identical, discovery against plaintiffs to elicit those facts. A Section 1407 transfer of all actions to a single district for coordinated or consolidated pretrial proceedings will insure that that discovery is not duplicated and avoid unnecessary inconvenience to the plaintiffs and their witnesses.

---

1/ This patent, No. 2,906,875, has been further described in an opinion by the Honorable Walter K. Stapleton as follows:

> The subject matter of this patent is a type of signal-seeking receiver. Signal-seeking receivers, as the term is broadly used, are devices which scan a frequency spectrum in search of a signal and stop when a signal being broadcast is encountered.
>
> ... An example of such a device...would be an automobile radio which automatically tunes from station-to-station, stopping long enough on each to allow the driver to determine whether he wants to listen to the program being presented, and containing a mechanism (a switch, e.g.,) whereby the driver could stop the tuning at a station whose programming he desires to hear.

Catanzaro v. Masco. Corp., 423 F. Supp. 415, 417 (D. Del. 1976).

In re Molinaro/Catanzaro Patent Litigation, supra, 380 F. Supp. at 795. The Panel also ruled, inter alia, that transfer would have the "salutary effect of having all discovery relevant to the validity issue supervised by one judge so that an informed decision on the merits can be made and at a substantial savings of judicial time and resources." Id.

In October, 1975, the Panel issued its second opinion in this docket. In re Molinaro/Catanzaro Patent Litigation, 402 F. Supp. 1404 (J.P.M.L. 1975). At that time the Panel vacated its orders conditionally transferring four tag-along actions in this docket to the Southern District of New York and remanded all actions previously transferred to the Southern District of New York to their transferor districts. The Panel action followed the entry of an order by Judge Metzner in which he formally advised the Panel of the completion of common discovery proceedings and suggested that the Panel remand all remaining actions. Id. at 1406.

B. The Present Motion Before the Panel

The Pennsylvania action (Hart) presently before the Panel was brought in August, 1972 by Molinaro and Catanzaro against Hart Electronics Corp. of Scranton (Hart). Plaintiffs allege that the defendant sold equipment, manufactured by Electra Corporation (Electra),[2/] Unimetrics, Inc. (Unimetrics) and Regency Electronics, Inc. (Regency),

---

2/ Electra Corporation is now Electra Co., division of Masco Corp.

which infringed upon the station-sampling radio patent. Plaintiffs seek a declaration of patent validity, injunctive relief and damages. On July 5, 1973, the claims in Hart pertaining to the receivers manufactured by Electra were severed and consolidated with an action (Penney) brought by Molinaro and Catanzaro in the Middle District of Pennsylvania against J.C. Penney Co., Inc., another retailer of Electra receivers.[3/]

The Eastern District of New York action (Sonar) was brought in June, 1972 by Molinaro and Catanzaro against Sonar Radio Corporation (Sonar). Plaintiffs allege that Sonar Auto-Scan Receivers manufactured and sold by Sonar infringe the station-sampling radio patent. As in Hart, plaintiffs seek a declaration of patent validity, injunctive relief and damages.

Both Hart and Sonar were included in the actions transferred by the Panel to the Southern District of New York in 1974 and remanded to their transferor districts by the Panel in 1975.

---

3/ Proceedings in this consolidated action have been stayed pending the resolution of an appeal by Catanzaro from the decision of Judge Stapleton in a related action granting Masco Corp.'s (the manufacturer of Electra receivers) motion for summary judgment of non-infringement. Catanzaro v. Masco Corp., 423 F. Supp. 415 (D. Del. 1976). The Court of Appeals for the Third Circuit affirmed the district court's ruling in an unpublished per curiam opinion issued on May 1, 1978. On November 27, 1978, the United States Supreme Court denied a petition for a writ of **certiorari** that had been filed by Catanzaro following the Third Circuit's ruling.

Case MDL No. 170   Document 2   Filed 04/30/15   Page 6 of 9
- 5 -

The Southern District of New York action (<u>Sears</u>) was brought by Molinaro and Catanzaro against Sears, Roebuck and Company (Sears) in June 1976. The complaint in this action alleges infringement of the station-sampling radio patent in connection with sales made by Sears of receivers manufactured by Regency.

Sears, joined by Sonar, moves the Panel, pursuant to 28 U.S.C. §1407, to transfer <u>Hart</u>, <u>Sonar</u> and <u>Sears</u> to the District of Delaware for coordinated or consolidated pretrial proceedings before Judge Stapleton.[4/] Hart opposes inclusion in centralized proceedings of the Electra-based claims that have been severed in <u>Hart</u> and have been consolidated with <u>Penney</u>, but otherwise Hart joins in Sears's motion. Catanzaro opposes transfer.

II. DISPOSITION BY THE PANEL

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny transfer.

Sears states that both <u>Sears</u> and <u>Hart</u> involve allegations of infringement on the station-sampling radio patent by models of radios manufactured by Regency. Sears further states that it believes the Auto-Scan Receivers

---

[4/] Judge Stapleton, who normally sits in the District of Delaware, is assigned <u>Hart</u> and is sitting in the Middle District of Pennsylvania by designation pursuant to 28 U.S.C. §292(b).

at issue in Sonar are related to the Regency products. Centralization under Section 1407 is thus necessary, Sears urges, in order to prevent duplication of discovery on the infringement issue common to all these actions.

We find these arguments unpersuasive. Only a minimal number of actions are involved here. Two of the three actions are well advanced and have already benefited from participation in coordinated or consolidated pretrial proceedings under Section 1407. No party before us has advocated that any discovery remains to be accomplished on the central issue of patent validity. At best, the proponents of transfer have suggested that transfer is justified because common factual questions exist among the actions on the issues of infringement upon the station-sampling radio patent. But there has been no adequate demonstration to the Panel that the infringement issue in Sonar, involving Auto-Scan Receivers, shares factual questions with the infringement issues in Sears and Hart, involving Regency products. Even assuming, however, that the three actions raise common questions of fact regarding the infringement issues, we are not convinced that those questions alone are sufficiently complex or require such time-consuming discovery as to justify transfer under Section 1407, especially in light of the advanced status of Hart and Sonar. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969).

We observe that suitable alternatives to Section 1407 transfer are available to all parties in the actions before us. Any party could ask the judge assigned to a particular action to issue an order to show cause why the discovery already completed in any related action should not be made applicable to the former action. See In re Raymond Lee Organization, Inc. Securities Litigation, 446 F. Supp. 1266, 1268 (J.P.M.L. 1978); Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Or the parties simply could stipulate that that discovery could be used in a particular action.

Additionally, consultation and cooperation among the three courts, if deemed appropriate by those courts coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. See In re Raymond Lee Organization, Inc. Securities Litigation, supra, 446 F. Supp. at 1268.

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

DOCKET NO. 170
SCHEDULE A

| | Civil Action No. |
|---|---|
| **EASTERN DISTRICT OF NEW YORK** | |
| Edward T. Molinaro, et al. v. Sonar Radio Corp. | 72C882 |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| Edward T. Molinaro, et al. v. Sears Roebuck & Co. | 76-Civ-2582 |
| **MIDDLE DISTRICT OF PENNSYLVANIA** | |
| Edward T. Molinaro, et al. v. Hart Electronics Corp. of Scranton | 72-250 |